## E. RUBIO & SONS, PLAINTIFFS AND APPELLEES, v. CARRASCO, DEFENDANT AND APPELLANT.

### APPEAL from the District Court of Aguadilla in an Action of Debt.

#### No. 1716.—Decided April 2, 1918.

ACTION OF DEBT—OPEN ACCOUNT—COMPLAINT.—When an action of debt is based on an open account the various items of merchandise sold and delivered to the defendant and not paid for by him, as well as the price thereof and all other necessary details, should be stated in the complaint in order that a true and exact conclusion as to the transactions may be arrived at.

ID.—ACCOUNT STATED—COMPLAINT.—If an action of debt is based on various accounts stated it is not enough to allege that a statement of the defendant's account has been made and shows a certain balance in favor of the plaintiff and against the defendant. It should be alleged further that the account was rendered to the defendant and that he, in some of the ways recognized by law, admitted the said balance.

The facts are stated in the opinion.

*Mr. José D. Rodríguez* for the appellant.

*Messrs. J. García Ducós* and *Juan B. Soto* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

In their complaint the plaintiffs allege:

"2. That for some time past Julián Carrasco has been buying goods from plaintiffs E. Rubio & Sons and that on February 3, 1916, a statement of the account was made showing a balance of $384.68 in favor of the plaintiffs and against the defendant.

"3. That likewise for some time past the said Julián Carrasco has been buying goods from Successors of Sanders, Philippi & Company, Limited, of this city and a statement of the account made on February 3, 1916, showed a balance of $1,419.39 in favor of the said firm and against the said defendant.

"4. That in like manner for some time past the said Julián Carrasco has been buying goods from the firm of Yumet & Company of this city and a statement of the account made on February 3, 1916, showed a balance of $1,416.08 in favor of the said firm and against the said defendant.

"5. That the said Julián Carrasco also purchased goods from the firm of F. Carrera & Brother of Aguadilla and a statement of the

account made on February 3, 1916, showed a balance of $471.94 in favor of the latter and against the former.

"6. That on February 3, 1916, the said firms of Successors of Sanders, Philippi & Company, Limited, Yumet & Company and F. Carrera & Brother agreed to and, for a valuable consideration, did assign to the firm of E. Rubio & Sons, plaintiffs herein, their said claims against the defendant herein and notice of such assignments was given to the said defendant.

"7. That up to a few days ago the plaintiffs herein have made personal efforts to collect the said amounts due and owing to them by the defendant, or $384.68, balance due on defendant's account to plaintiffs, and $1,419.39, $416.08 and $471.94, amounts of the the claims assigned respectively by Successors of Sanders, Philippi & Company, Limited, Yumet & Company, and F. Carrera & Brother, making a total of $2,692.09 and constituting a debt due and payable, all such efforts to collect having been wholly without result up to this date."

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled and after answer and trial the court rendered judgment for the plaintiffs. Thereupon the defendant took the present appeal.

The appellant assigns various errors in his brief. We will only consider and pass upon the first, which refers to the overruling of the demurrer to the complaint by the district court.

The appellant is right, for if the action were based on an open account the items of merchandise sold and delivered to the defendant and not paid for by him, as well as the price thereof and all other details necessary for forming a true and exact conclusion as to the transactions, should have been alleged in the complaint. And if the action, as would seem to have been intended by the plaintiffs, was based on various accounts stated, it is not enough that the plaintiffs alleged merely that a statement of the defendant's account had been made in each case and showed a certain balance in favor of the plaintiffs and against the defendant. They should have alleged further that the account was rendered to the defend-

ant and that he, in some of the ways recognized by law, admitted the said balance. See 1 R. C. L., pp. 204–225, which treats of this subject clearly and concisely.

The judgment appealed from should be reversed and another rendered sustaining the demurrer of the defendant and giving the plaintiffs twenty days in which to amend their complaint.

*Reversed and substituted.*

Justices Wolf and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.